UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY E. MARTIN,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN TEREMA CARLIN,<br><br>  Respondent. | Case No. 3:12-cv-00598-CWD<br><br>**INITIAL REVIEW ORDER** |

Idaho state prisoner Jeffery E. Martin has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which the Clerk has filed conditionally pending the Court's initial review. (Dkt. 4.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").[1]

Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*. Petitioner is the only party to have appeared in this case, and he has consented to a United States Magistrate Judge conducting all proceedings under 28 U.S.C. § 636(c). (Dkt. 6.)

---

[1] Although Petitioner brings this action under 28 U.S.C. § 2241, the Court has the discretion to apply the Rules Governing Section 2254 Cases to any habeas petitions. *See* Habeas Rule 1(b).

**INITIAL REVIEW ORDER - 1**

## BACKGROUND

Petitioner was convicted of possession of a controlled substance in Ada Count District Court and sentenced to 10 years in prison, with the first three years fixed. (Petition, Dkt. 3, p. 1.) Petitioner does not raise constitutional claims in his Petition related to his conviction or sentence. (*Id.*) Instead, he contends that "this § 2241 Habeas Corpus Motion is intended to challenge only the manner in which [the] sentence is being imposed rather than a challenge of the conviction itself." (*Id.*) He lists various complaints about the policies and practices of the Idaho Department of Correction, including inadequate medical and mental health care, which he claims violates his Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* at 2-4.) He seeks permanent injunctive relief to stop enforcement of these policies and to require adequate medical and mental health care. (*Id.* at 6.) In a later filing, he has also requested preliminary injunctive relief. (Dkt. 7.)

Because it plainly appears from the face of the Petition and any attachments that Petitioner will not be entitled to habeas relief in the District Court, the Petition will be dismissed.

## DISCUSSION

Generally, a habeas corpus petition is not a proper vehicle in which to bring conditions of confinement claims that, if successful, would not lead to a prisoner's release. Instead, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox,* 931

**INITIAL REVIEW ORDER - 2**

F.2d 573, 574 (9th Cir. 1991) ("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement").

A civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a state prisoner's conditions of confinement on constitutional grounds. *Badea*, 931 F.2d at 574(citing *Preiser* at 498-99). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement must be brought in a civil rights complaint. *Id.* In *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit stated that "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," a civil rights action would be proper but "habeas jurisdiction is absent." *Id*. at 858-59.

Some cases, however, may fall in a gray area between habeas and civil rights. The year after *Ramirez* was decided, the Ninth Circuit permitted a claim challenging the timing of parole hearings to go forward in a habeas corpus action. *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). In *Docken*, the court surveyed the case law and explained that while the law is generally well-developed regarding when constitutional claims *must* be raised in a habeas corpus proceeding instead of under § 1983, much less had been said about whether claims that touch on prison conditions *cannot* be raised on habeas. *Id*. at 1027-30. The court held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Id* at 1031.

**INITIAL REVIEW ORDER - 3**

In the present case, Petitioner only challenges the conditions under which he is incarcerated, none of which go to the fact or duration of his confinement. The remedy for these alleged violations would be an order requiring prison officials to alleviate the unconstitutional conditions (injunctive relief) or to compensate Petitioner (damages), not outright release from prison. As in *Ramirez*, then, these claims are not cognizable in a habeas corpus proceeding but might be appropriate in a §1983 action.

Accordingly, the Petition will be dismissed without prejudice to Petitioner raising the same claims under 42 U.S.C. § 1983. For Petitioner's benefit, the Court will order the Clerk to forward a copy of a prisoner self-help packet, which includes a fill-in-the-blank civil rights complaint.

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Petitioner has also filed an "Ex Parte Motion and Affidavit in Support to Request Expeditious Determination of the Court and Injunctive Relief," which the Court has construed as a motion for a preliminary injunction. (Dkt. 7.) Because the Petition will dismissed summarily, the motion for preliminary injunction is necessarily moot. But if the Court were to address the Motion, it would be denied.

A preliminary injunction may be granted under Rule 65 of the Federal Rules of Civil Procedure if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the

moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Because a preliminary injunction is an extraordinary remedy, injunctive relief must be denied "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

In support of his Motion, Petitioner asserts that he has several psychological disabilities that affect his ability to function in prison without certain accommodations. He contends that he has acted out in frustration and rage because staff at the Idaho Correctional Center at Orofino have not offered those accommodations or provided his preferred treatment, and he is concerned that he may continued to act out. Even if Petitioner had filed a proper civil rights complaint that contained these claims, at this early stage of the proceedings the Court would conclude that he has not yet satisfied the *Winter* standard to warrant issuing a preliminary injunction.

To state an Eighth Amendment claim for denial of medical care in prison, a prisoner must show that officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere indifference, medical

**INITIAL REVIEW ORDER - 5**

malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Petitioner's current allegations are generalized, and the Court is unable to find that Petitioner would be likely to succeed on the merits of claim that prison officials have been deliberately indifferent to his medical or mental health needs, or that he will be irreparably harmed if preliminary relief is not granted. This does not mean that Petitioner would not ultimately prevail on such a claim; it means only that he has not shown a substantial likelihood of success or irreparable harm at this early stage.

For these reasons, the Court will dismiss this habeas action without prejudice to re-filing under 42 U.S.C. § 1983. If Petitioner wishes to initiate a civil rights action, he must submit the $350 filing fee with his complaint or file a motion to proceed in forma pauperis accompanied by an affidavit of asserts and a certified statement of his prison trust account.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice.

2. Petitioner's Application to Proceed In Forma Pauperis (Dkt. 1) is DENIED as MOOT.

3. Petitioner's Ex Parte Motion and Affidavit in Support to Request

**INITIAL REVIEW ORDER - 6**

Expeditious Determination of the Court and Injunctive Relief (Dkt. 7) is DENIED without prejudice.

4. The Clerk of Court shall send to Petitioner a copy of the self-help packet for prisoners bringing civil rights actions under 42 U.S.C. § 1983.



DATED: April 11, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 7**